IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. 2:07-553 |
| | § | |
| SHAWN LUIS CABALLERO, | § | |
|     Defendant. | § | |

**ORDER GRANTING REQUEST FOR COPY OF DOCKET SHEET
AND DENYING WITHOUT PREJUDICE LETTER MOTION FOR CREDIT**

On June 7, 2010, the Clerk received from Defendant Shawn Luis Caballero a brief letter motion in which he explains that he recently received his sentence computation date from the Bureau of Prisons, and that it does not give him credit for time he spent in federal custody. Specifically, he states that he believe he is missing five months (from December 22, 2007 until May 3, 2008). His letter ends with: "Can you please let me know how we could fix this, and can you please send me my Federal Docket sheet." (D.E. 41 at 1.)

To the extent Caballero requests a copy of his docket sheet, that request is GRANTED. The Clerk is directed to provide a copy of the docket sheet in this case to Caballero with his copy of this Order.

To the extent Caballero is requesting credit to his sentence or challenging the Bureau of Prisons' computation of his sentence, his challenge should be brought in a petition pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States

1

v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

Caballero has not styled his letter motion as a § 2241 petition, and the Court declines to construe it as such because this Court is not the proper court to consider such a petition. Instead, Caballero should file it in the district where he is incarcerated. See Pack, 218 F.3d at 451. The return address on Caballero's letter reflects that he is incarcerated in Memphis, Tennessee, which is located in the Western Division of the Western District of Tennessee. 28 U.S.C. § 123(c). Thus, assuming he remains incarcerated in Memphis, Caballero should file any § 2241 petition in that court.[1]

Accordingly, to the extent it was intended to be a § 2241 motion, Defendant's motion is DENIED WITHOUT PREJUDICE to his ability to file a § 2241 petition in the appropriate district court. Lee v. Wetzel, 244 F.3d 370, 375 & n.4 (5th Cir. 2001) (a district court should not transfer a petition it does not have jurisdiction over, but instead dismiss the motion without prejudice).

Finally, the Court notes that, although Caballero's motion states that this Court "awarded me time from the time U.S. Marshals took me into Federal Custody till I went back into State Custody," no such notation appears on the judgment. Indeed, the only reference in the judgment to his state sentence(s) expressly states that his "sentence is to be served consecutively to any state sentence." (D.E. 25 at 2.) Moreover, Caballero's Presentence Investigation Report clearly shows that he was arrested by state authorities on March 1, 2007, and was in federal custody in this case pursuant to

---

[1] The law also requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence. United States v. Wilson, 503 U.S. 329, 335 (1992). Caballero's motion does not indicate whether he has sought relief directly from the BOP or whether he has fully exhausted his administrative remedies. He would need to so allege in any § 2241 petition he files.

a writ of habeas corpus ad prosequendum. (PSR at 1.) The time a state prisoner spends "on loan" to federal authorities pursuant to a writ of habeas corpus ad prosequendum does not serve to interrupt the state's custody over an inmate. United States v. Brown, 753 F.2d 455, 456 (5th Cir. 1985). Moreover, unless that time was not credited to his state sentence, Caballero is not entitled to credit for that time against his federal sentence. See 18 U.S.C. § 3585(b) (credit is given only for time served "that has not been credited against another sentence").

### III.  CONCLUSION

For the foregoing reasons, Caballero's letter motion is GRANTED insofar as it seeks a copy of his docket sheet. The remainder of the letter motion, which seeks credit to his sentence, is DENIED WITHOUT PREJUDICE. If Caballero wants to challenge the Bureau of Prisons' computation of his sentence, he should do so through a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed in the proper court. The Clerk is also directed to send Caballero a blank § 2241 petition with his copy of this Order.

It is so ORDERED this 8th day of June, 2010.

_____
Janis Graham Jack
United States District Judge